IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Deandre Lashun Fuller, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00179-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Spartanburg County Detention Center, Spartanburg County, and Sheriff Chuck Wright, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Deandre Lashun Fuller, proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action on January 11, 2024. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 7, 2024, the magistrate judge issued his report and recommendation ("Report"), recommending the undersigned dismiss this action with prejudice, without leave to amend, and without issuance and service of process based on, among other things, the *Younger* abstention doctrine. (ECF No. 10). The Report notified Plaintiff of his right to file objections thereto. *Id*. at 12. It was mailed to Plaintiff at the address he provided to the court, (ECF No. 11), and has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file objections to the Report and the time in which to do so has expired.[1]

---

[1] The court notes that, two days after the magistrate judge issued his Report, Plaintiff filed with the Clerk's Office a letter he had previously mailed to United States Supreme Court Justice Sonya Sotomayor. (ECF No. 12). The Supreme Court of the United States ("SCOTUS") received the letter on January 22, 2024, which was before the magistrate judge issued his Report. Additionally, as indicated on the envelope, Plaintiff mailed the letter from the Spartanburg County Detention

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

---

Center's mailroom on February 6, 2024, one day before the Report was issued. (ECF No. 12-2 at 1). Therefore, the undersigned does not interpret this letter as an attempt to file specific objections to the magistrate judge's Report as the letter was prepared prior to the filing of the Report. Nevertheless, out of an abundance of caution, the undersigned has reviewed and considered the contents of the letter, which seeks the SCOTUS's intervention in Plaintiff's ongoing state criminal case. The court finds Plaintiff has failed to put forth any reasoning for why his claims should not be dismissed for the reasons outlined in the Report.

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 10), which is incorporated herein by reference. Accordingly, Plaintiff's claim is **DISMISSED with prejudice**, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 4, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.